UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRIS CORPORATION,
a Delaware corporation,

      Plaintiff,

vs.

NETGEAR, INC.,
a Delaware corporation,

      Defendant.

Case No. 6:11-cv-~~1866-orl22DAB~~

**JURY TRIAL REQUESTED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(WITH INJUNCTIVE RELIEF SOUGHT)**

Plaintiff HARRIS CORPORATION hereby sues Defendant NETGEAR, INC. and states:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff Harris Corporation ("Harris") is a Delaware corporation conducting business in this judicial district and division and having its principal place of business at 1025 W. NASA Boulevard, Melbourne, Florida.

2.    Defendant Netgear, Inc. ("Netgear") is a Delaware Corporation, which sells and/or offers for sale products within the United States, including within this judicial district and division.

3.    This action arises under the patent laws of the United States. Upon information and belief, Netgear infringes Harris' patents in the United States, including in Florida and, more particularly, within this judicial district and division. This Court has

jurisdiction over the subject matter of this action as to Netgear pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Netgear because, among other things, Netgear regularly conducts, engages in or carries on a regular and established business or business venture in the State of Florida, Netgear sells products and performs methods that infringe one or more claims of Harris' patents in the State of Florida, and Netgear damaged Harris in the State of Florida.

5. Venue properly lies in the Orlando Division of the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

6. Prior to filing the instant suit, Harris attempted to contact Netgear to discuss issues pertaining to this suit, but received no response from Netgear.

7. All conditions precedent to the filing of this action have occurred, been performed, or have been excused and/or waived.

## STATEMENT OF FACTS

8. Harris is the sole and exclusive owner of all rights, title and interest to the following valid and enforceable United States Patents (collectively, the "Patents-in-Suit"):

| Patent No. | Title |
|---|---|
| 6,504,515 ("the '515 Patent") | High Capacity Broadband Cellular/PCS Base Station using a Phased Array Antenna |
| 7,916,684 ("the '684 Patent") | Wireless Communication Network Providing Communication Between Mobile Devices and Access Points |
| 5,787,177 ("the '177 Patent") | Integrated Network Security Access Control System |
| 5,974,149 ("the '149 Patent") | Integrated Network Security Access Control System |
| 6,189,104 ("the '104 Patent") | Integrated Network Security Access Control System |

| | |
|---|---|
| 6,397,336 ("the '336 Patent") | Integrated Network Security Access Control System |

9. True and correct copies of the Patents-in-Suit are attached hereto as Exhibits 1, 2, 3, 4, 5 and 6, respectively.

10. Upon information and belief, Netgear has made, sold, offered for sale, imported into, and/or used in the United States and in this judicial district products or methods that directly infringe upon one or more claims of the '515 Patent, including but not limited to the sale, offer for sale, importation and/or use of Netgear's WNDRMAC, WNDR4000, WNDR3800, WNDR3700, WNDR37AV, WNDR3400, WNDR3300, DGND3700, DGND3300, WNHDE111, WPN824 and WNHD3004 products.

11. Upon information and belief, Netgear has made, sold, offered for sale, imported into, and/or used in the United States and in this judicial district products or methods that directly infringe upon one or more claims of the '684 Patent, including but not limited to the sale, offer for sale, importation and/or use of Netgear's WNDRMAC, WNDR4000, WNDR3800, WNDR3700, WNDR37AV, WNDR3400, DGND3700, DGND3300, WNHD3004, WNDAP350, WC7520 and WMS5316 products.

12. Upon information and belief, Netgear has made, sold, offered for sale, imported into, and/or used in the United States and in this judicial district products or methods that directly infringe upon one or more claims of the '177, '149, '104 and '336 Patents, including but not limited to the sale, offer for sale, importation and/or use of Netgear's ProSecure® UTM5, ProSecure® UTM10, ProSecure® UTM25, ProSecure® UTM50 and ProSecure® UTM150 products.

13. Upon information and belief, Netgear has induced the infringement and/or contributed to the infringement of the '515 Patent by knowingly and actively encouraging customers to install and/or use Netgear's WNDRMAC, WNDR4000, WNDR3800,

WNDR3700, WNDR37AV, WNDR3400, WNDR3300, DGND3700, DGND3300, WNHDE111, WPN824 and WNHD3004 products.

14. Upon information and belief, Netgear has induced the infringement and/or contributed to the infringement of the '684 Patent by knowingly and actively encouraging customers to install and/or use Netgear's WNDRMAC, WNDR4000, WNDR3800, WNDR3700, WNDR37AV, WNDR3400, DGND3700, DGND3300, WNHD3004, WNDAP350, WC7520 and WMS5316 products.

15. Upon information and belief, Netgear has induced the infringement and/or contributed to the infringement of the '177, '149, '104 and '336 Patents by knowingly and actively encouraging customers to install and/or use Netgear's ProSecure® UTM5, ProSecure® UTM10, ProSecure® UTM25, ProSecure® UTM50 and ProSecure® UTM150 products.

## COUNT I
### (Infringement of U.S. Patent No. 6,504,515)

16. Harris herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 15, *supra*.

17. On January 7, 2003, the '515 Patent was duly and legally issued by the United States Patent and Trademark Office. Harris is the owner of the entire right, title and interest in and to the '515 patent.

18. Upon information and belief, Netgear has committed acts that infringe directly, by inducement and/or contributorily, one or more claims of the '515 Patent.

19. Upon information and belief, Netgear has infringed and is still infringing one or more claims of the '515 Patent by making, selling and using products that embody Harris' patented invention.

20. Netgear's acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Netgear's wrongful acts.

Upon information and belief, Netgear will continue to infringe the '515 Patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

21.     Upon information and belief, Netgear lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity.  Netgear's infringement of the '515 Patent is therefore willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## COUNT II
### (Infringement of U.S. Patent No. 7,916,684)

22.     Harris herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 15, *supra*.

23.     On March 29, 2011, the '684 Patent was duly and legally issued by the United States Patent and Trademark Office.  Harris is the owner of the entire right, title and interest in and to the '684 Patent.

24.     Upon information and belief, Netgear has committed acts that infringe directly, by inducement and/or contributorily, one or more claims of the '684 Patent.

25.     Upon information and belief, Netgear has infringed and is still infringing one or more claims of the '684 Patent by making, selling and using products that embody Harris' patented invention.

26.     Netgear's acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Netgear's wrongful acts.  Upon information and belief, Netgear will continue to infringe the '684 Patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

27.     Upon information and belief, Netgear lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity.  Netgear's infringement of the '684 patent is therefore

willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## COUNT III
### (Infringement of U.S. Patent No. 5,787,177)

28. Harris herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 15, *supra*.

29. On July 28, 1998, the '177 Patent was duly and legally issued by the United States Patent and Trademark Office. Harris is the owner of the entire right, title and interest in and to the '177 Patent.

30. Upon information and belief, Netgear has committed acts that infringe directly, by inducement and/or contributorily, one or more claims of the '177 Patent.

31. Upon information and belief, Netgear has infringed and is still infringing one or more claims of the '177 Patent by making, selling and using products that embody Harris' patented invention.

32. Netgear's acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Netgear's wrongful acts. Upon information and belief, Netgear will continue to infringe the '177 Patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

33. Upon information and belief, Netgear lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Netgear's infringement of the '177 patent is therefore willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## COUNT IV
### (Infringement of U.S. Patent No. 5,974,149)

34. Harris herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 15, *supra*.

35. On October 26, 1999, the '149 Patent was duly and legally issued by the United States Patent and Trademark Office. Harris is the owner of the entire right, title and interest in and to the '149 Patent.

36. Upon information and belief, Netgear has committed acts that infringe directly, by inducement and/or contributorily, one or more claims of the '149 Patent.

37. Upon information and belief, Netgear has infringed and is still infringing one or more claims of the '149 Patent by making, selling and using products that embody Harris' patented invention.

38. Netgear's acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Netgear's wrongful acts. Upon information and belief, Netgear will continue to infringe the '149 Patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

39. Upon information and belief, Netgear lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Netgear's infringement of the '149 patent is therefore willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## COUNT V
### (Infringement of U.S. Patent No. 6,189,104)

40. Harris herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 15, *supra*.

41. On February 13, 2001, the '104 Patent was duly and legally issued by the United States Patent and Trademark Office. Harris is the owner of the entire right, title and interest in and to the '104 Patent.

42. Upon information and belief, Netgear has committed acts that infringe directly, by inducement and/or contributorily, one or more claims of the '104 Patent.

43.     Upon information and belief, Netgear has infringed and is still infringing one or more claims of the '104 Patent by making, selling and using products that embody Harris' patented invention.

44.     Netgear's acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Netgear's wrongful acts. Upon information and belief, Netgear will continue to infringe the '104 Patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

45.     Upon information and belief, Netgear lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Netgear's infringement of the '104 patent is therefore willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

### COUNT VI
### (Infringement of U.S. Patent No. 6,397,336)

46.     Harris herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 15, *supra*.

47.     On May 28, 2002, the '336 Patent was duly and legally issued by the United States Patent and Trademark Office. Harris is the owner of the entire right, title and interest in and to the '336 Patent.

48.     Upon information and belief, Netgear has committed acts that infringe directly, by inducement and/or contributorily, one or more claims of the '336 Patent.

49.     Upon information and belief, Netgear has infringed and is still infringing one or more claims of the '336 Patent by making, selling and using products that embody Harris' patented invention.

50.     Netgear's acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Netgear's wrongful acts.

Upon information and belief, Netgear will continue to infringe the '336 Patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

51. Upon information and belief, Netgear lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Netgear's infringement of the '336 patent is therefore willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

**WHEREFORE**, Plaintiff Harris respectfully demands that the Court enter such preliminary and final orders and judgments as are necessary to provide Harris with the following relief:

(a) A preliminary and then permanent injunction enjoining Netgear from infringing each of the Patents-in-Suit;

(b) A judgment that Netgear infringes one or more claims of the Patents-in-Suit;

(c) An award of damages against Netgear under 35 U.S.C. § 284 in an amount adequate to compensate Harris for infringement, but in no event less than a reasonable royalty for the use made by Netgear of the inventions set forth in the Patents-in-Suit, together with pre-judgment interest;

(d) An award against Netgear for exemplary damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

(e) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Harris respectfully demands a trial by jury as to all matters so triable.

Dated:  November 21, 2011

Respectfully submitted,

s/ Thomas A. Zehnder
Thomas A. Zehnder, Lead Trial Counsel
Florida Bar No.: 0063274
Frederick S. Wermuth
Florida Bar No.: 0184111
Taylor F. Ford
Florida Bar No.: 0041008
KING, BLACKWELL, DOWNS & ZEHNDER, P.A.
P.O. Box 1631
Orlando, Florida 32802-1631
Telephone: (407) 422-2472
Facsimile:  (407) 648-0161
tzehnder@kbdzlaw.com
fwermuth@kbdzlaw.com
tford@kbdzlaw.com

*Counsel for Plaintiff*
*Harris Corporation*